**D'Arcy v. Devon Strafford Co.**

*Lawrence A. Goldberg,* for plaintiff.
*William R. Keen, Jr.,* for defendants.

KURTZ, JR., P. J., September 24, 1971.—In this case, defendants have filed preliminary objections to plaintiff's complaint, which is designated a complaint in trespass. The preliminary objections consist of a demurrer, a motion to strike and a motion for a more specific complaint.

Although the complaint is not artistically drawn, a reading of it makes it clear that plaintiff bases his first cause of action upon an illegal distraint for rent, allegedly made by defendants at a time when no rent was due from plaintiff to defendants. From a reading of the entire first count, it can be ascertained that the alleged illegal distraint consisted of the landlords-defendants' levying upon plaintiff's goods at a time after a proper tender of rent due from plaintiff had been improperly rejected in violation of the provisions of section 312 of The Landlord and Tenant Act of April 6, 1951, P. L. 69, 68 PS §250.312. Having been advised of that cause of action, defendants are now in a position to make answer to it. If they have a defense by way of release or otherwise, that defense may be set forth. The question of the allowance of proper damages will be considered at the trial.

The second count alleges that defendants, through their servants, agents or employes, converted $450 of plaintiff's money at the time the alleged improper distraint was made. That allegation states a cause of action in trespass and defendants may now answer that charge.

The third count sounds in assumpsit, although it is

not so designated in the pleading. Under the provisions of section 512 of the Landlord and Tenant Act cited above (68 PS §250.512) an action for the return of a tenant's deposit improperly retained by the landlord must be brought in assumpsit. However, Pennsylvania Rule of Civil Procedure 1020(d)(1) authorizes the joinder of causes of action sounding in assumpsit and trespass where a transaction or occurrence, or a series of transactions or occurrences, gives rise to such causes. Under the authority of that rule, the causes of action pleaded here may be so joined. The rule further provides for the setting forth of each cause of action in a separate count, and requires that it be specified whether the cause is in assumpsit or trespass. Plaintiff has failed to observe this last requirement.

In addition, the section of the statute upon which plaintiff relies contains a number of conditions which must be met if a cause of action is to arise by reason of its terms. The instant pleading does not set forth sufficient facts to meet those conditions. However, we are not satisfied that plaintiff may not have been wronged within the purview of that section, and, for that reason, we will afford him the opportunity of repleading the third count in his complaint.

## ORDER

And now, September 24, 1971, defendants' preliminary objections to plaintiff's complaint as they relate to the first and second counts contained therein are dismissed. Defendants' preliminary objections in the nature of a motion for a more specific complaint are sustained insofar as said motion relates to the third count of that complaint; plaintiff may file an amended third count to said complaint within 20

days; no answer need be filed to said complaint until such time as a properly pleaded third count has been filed of record and served upon defendants, in which case defendants may answer all the allegations of said complaint within a period of 20 days thereafter.